Case No. 23-1872
_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
_____

## NICHOLAS SOMBERG,

Plaintiff – Appellant,

v.

## KAREN McDONALD,
in her official capacity,

Defendant – Appellee.


On Appeal from United States District Court
for the Eastern District of Michigan, Southern Division
District Court Case No. 20-CV-11917
Honorable Gershwin Drain, U.S. District Court Judge

## BRIEF OF APPELLEE KAREN McDONALD

Oakland County Corporation Counsel
Attorney for Appellee Karen McDonald
Brooke E. Tucker (P79776)
Senior Assistant Corporation Counsel
1200 N. Telegraph Road, Dept. 419
Pontiac, Michigan 48341
(248) 858-2007
tuckerbe@oakgov.com

## CORPORATE DISCLOSURE

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee Karen McDonald makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

   No.

   If the answer is yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

   N/A

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   No.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........................................ iv

STATEMENT OF JURISDICTION ............................................................. v

STATEMENT OF ISSUES ...................................................................... vi

STATEMENT OF THE CASE ................................................................... 1

SUMMARY OF ARGUMENT ................................................................... 4

ARGUMENT ...................................................................................... 6

CONCLUSION ................................................................................... 17

CERTIFICATE OF COMPLIANCE ............................................................ 18

CERTIFICATE OF SERVICE ................................................................... 19

ADDENDUM ..................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986) .............................. 4, 5, 6

*Anderson,* 477 U.S. at 249-50 ...........................................................................6

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) .............................................5, 6

*Chandler v. Florida*, 449 U.S. 560, 569 (1981)................................................ 10, 14

*Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788 at 808 (1985)..........11

*Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005)...............................6

*Dorfman v. Meiszner*, 430 F.2d 558, 560 (7th Cir. 1970) (emphasis added).........6, 7

*Estes v. Texas*, 381 U.S. 532, 589 (1965)............................................................14

*Gen. Media Communications, Inc. v. Cohen*, 131 F.3d 273, 282 (2d Cir. 1997).....11

*Hill v. Colorado*, 530 U.S. 703, 723 (2000)........................................................11

*In Re Nicholas Somberg*, COA No. 344041 ...........................................................9

*Martin v. Ohio Turnpike Comm.,* 968 F.2d 606, 608 (6th Cir. 1992)........................5

*Matsushita Elec. Indus., Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) .......6

*McKay v Federspeil*, 22 F. Supp. 3d 731 (E.D. Mich. 2014) ................11, 12, 13, 14

*Mead v. Gordon*, 583 F. Supp. 2d 1231, 1239 (2008)........................................3, 12

*Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir 2005) ..........................................7, 11

*Parks v. City of Columbus*, 395 F.3d 643, 647 (6th Cir. 2005)..............................10

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575–80 (1980) ...................9

*S.H.A.R.K. v. Metro Parks Service Summit County*, 499 F.3d 553 at 559 (6th Cir. 2007) ...............................................................................................................10

*US v. Beckham*, 789 F.2d. 401, 406 (6th Cir. 1986).............................................10

*Ward v. Rock Against Racism*, 491 U.S. 781 (1989)............................................12

*Wheat v. Fifth Third Bank*, 785 F.3d 230, 236 (6th Cir. 2015) ................................4

## Other Authorities

Michigan Court Rule 8.115 ..................................................................................1

Michigan Supreme Court Administrative Order No. 1989-1 .................................10

*Policy Regarding the Use of Portable Electronic Devices* .......................................1

## Federal Court Rules

Fed. R. App. P. 32(a)(7)(C) ...............................................................................18

Fed. R. Civ. P. 56(a) ...........................................................................................5

Fed.R.Civ.P. 56..................................................................................................5

Fed.R.Civ.P. 56(c) .............................................................................................5

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellee does not request oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process will not be significantly aided by oral argument.

## STATEMENT OF JURISDICTION

The District Court had original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331. Somberg filed a Motion for Summary Disposition that was denied. Opinion on Motion for Summary Disposition, RE 24, Page ID # 317. That decision was not overturned on interlocutory appeal to this Court. Court of Appeals Published Order, RE 25, Page ID # 340.

McDonald filed a Motion for Summary Judgment. Motion for Summary Judgment, RE 31, Page ID # 363. On September 22, 2023, the District Court granted that Motion. Opinion on Motion for Summary Judgment, RE 37, Page ID # 515. Somberg filed his Notice of Appeal that same day.

## STATEMENT OF ISSUES

1. DOES THE FIRST AMENDMENT PROTECT THE TAKING OF PHOTOGRAPHS AND VIDEO OF COURT PROCEEDINGS FROM ONLINE STREAMING SERVICES SUCH THAT A COURT RULE REQUIRING PRIOR PERMISSION TO DO SO IS UNCONSTITUTIONAL?

   Somberg states: YES

   McDonald states: NO

2. WAS THE DISTRICT COURT'S RELIANCE ON *McKAY* "MISPLACED"?

   Somberg states: YES

   McDonald states: NO

## STATEMENT OF THE CASE

On May 1, 2020, in line with the timing of the COVID-19 pandemic and the rise of the use of Zoom to conduct its proceedings by remote means, the 52nd Judicial District Court enacted its "*Policy Regarding the Use of Portable Electronic Devices*." District Court Policy, RE 31-2, Page ID # 396. On May 27, 2020, attorney Somberg appeared in court on behalf of a client, via Zoom, for a pretrial conference in the 52nd District Court. Motion for Summary Disposition, RE 7, Page ID # 93. During that pretrial conference, which was also being live streamed on YouTube, Somberg took a screenshot and later posted the image on social media. *Id.* Somberg added several disparaging remarks about the Assistant Prosecutor who appeared at the pretrial conference, calling her a "Persecutor." McDonald Response to Somberg MSD, RE 13, Page ID ## 172-173.

### State Court Proceedings

The Oakland County Prosecutor's Office learned of Somberg's Facebook post the following day. *Id.* The Assistant Prosecutor filed a motion to show cause to hold Plaintiff in contempt for "being in violation of the law by taking photographs of the proceedings and posting the photographs to Facebook" in violation of Michigan Court Rule 8.115. People's Motion for Show Cause, RE 7-8, Page ID # 121. The show cause was dismissed based on procedural grounds. State District Court Opinion, RE 7-10, Page ID # 143. In its order, the court did not consider the merits

1

of Somberg's conduct at the Zoom proceeding and the Oakland County Prosecutor's Office did not appeal the court's dismissal of the criminal contempt charge. McDonald Response to Somberg MSD, RE 13, Page ID #177. No attempt was made to reinstitute the contempt proceedings against Somberg. Somberg subsequently filed suit against the Assistant Prosecutor seeking criminal contempt[1] then appealed that case to Oakland County Circuit Court[2].

### Federal Action

On July 15, 2020, Somberg filed this pre-enforcement action against the Oakland County Prosecuting Attorney under the First and Fourteenth Amendments and 42 U.S.C. 1983. Complaint, RE 1, Page ID ## 1-3. Somberg asserted that he "seeks to and will again exercise a right to" make digital records of publicly "live-streamed" matters of public concern by the state judiciary. *Id.* at Page ID # 17. Somberg seeks to create new law.

On January 26, 2022, Somberg's Motion for Summary Judgment was Denied. Opinion on Motion for Summary Disposition, RE 24, Page ID # 317. Somberg's Petition for Permission to Appeal that ruling to this Court was denied by Chief Judge Sutton, and Judges Moore and Cole on April 20, 2022. Court of Appeals Published

---

[1] Nicholas P. Somberg v People of the State of Michigan - State District Court Case 20-A000B filed 7/27/2020.
[2] Nicholas P. Somberg v Qamar Enyah – State Circuit Court Appeal 20-184295-AV filed 10/28/2020.

2

Order, RE 25, Page ID # 340. On September 22, 2023, McDonald's Motion for Summary Judgment was granted by District Court Judge Drain. Motion for Summary Judgment, RE 31, Page ID # 363. This appeal immediately followed.

## SUMMARY OF ARGUMENT

The parties largely agree that there is no genuine dispute as to any material fact. Left remaining for this Court is a review and application of current law. First Amendment is not without limit in a courtroom setting. Courtrooms are non-public spaces and courtroom attendees and participants are properly subject to constraints that do not apply in public spaces. That is why this Court should disregard any case whose facts include public spaces such as police on the street making arrests or press photographing in an open-air plaza. This Court should follow analogous precedent such as *McKay* where the court reviewed the Constitutionality of a court rule on this subject in the courtroom. The Court Rule at issue in the 2020 motion to show cause filed against Somberg consists of a narrowly tailored prohibition requiring prior permission of the court in order to photograph. The Rule served a continuing compelling interest which includes lessening distractions, preventing juror and witness intimidation, preventing online research, etc. *See Mead v. Gordon*, 583 F. Supp. 2d 1231, 1239 (2008) ("The State 'has a legitimate need to preserve an orderly and safe place to conduct the public's business" and to maintain "proper order and decorum in the courtroom.'").

This Court should affirm Judge Drain's rulings in this matter. Doing so will allow individual courts, and the judges presiding therein to retain control over the courtroom setting, whether in person or on Zoom, both of which are properly under

4

the guidance of the judge over the proceedings. This Court should not expand the First Amendment to include this new "right" of allowing attorneys during court proceedings to have the untethered ability to take photos and make recordings of court proceedings without first requesting permission. McDonald respectfully requests that this Court AFFIRM the District Court's orders.

# ARGUMENT

## A.    Standard of Review

This Court reviews *de novo* the district court's grant of summary judgment. *Wheat v. Fifth Third Bank*, 785 F.3d 230, 236 (6th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). A party opposing a properly supported summary-judgment motion, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal quotation marks omitted).

Fed.R.Civ.P. 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party

would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm.,* 968 F.2d 606, 608 (6th Cir. 1992).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256. There is a genuine issue of material fact only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

This Court should affirm a grant of summary judgment "where the record as a whole could not lead a rational trier of fact to find for the non-moving party." *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (citation, internal quotation marks and alterations omitted). If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted); see *Celotex Corp.,* 477 U.S. at 322-23A; see also *Matsushita Elec. Indus., Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

**B.**    **Somberg's Claims Were Properly Decided by the District Court**

**a.**    **There is no First Amendment right to record courtroom proceedings.**

The prohibition on recording in this case only limits the use of electronic devices to record in courthouses or courtrooms. This includes Zoom hearings where Somberg is actively representing a client. Somberg's continued reliance on caselaw that is neither analogous nor binding does not require this Court to create a right to record courtroom proceedings.

Somberg would have this Court rely on non-binding precedent from the *Dorfman* case. There, a U.S. District Court which sits in a building that houses multiple (non-court) government functions, enacted Rule 34 stating in part that:

> "The taking of photographs in the courtroom or its environs or radio or television broadcasting from the courtroom or its environs, during the progress of or in connection with judicial proceedings, including proceedings before a United States Commissioner, <u>whether or not court is actually in session</u>, is prohibited."

*Dorfman v. Meiszner*, 430 F.2d 558, 560 (7th Cir. 1970) (emphasis added).

Court Rule 34 in *Dorfman* was broad and the court indicated as such. Rule 34 resulted in a denial of photographing newsmen on a floor where courtrooms were not even located and of photographing a demonstration on the open-air plaza outside the building. *Id.* at 561. Again, Somberg is asking that this Court draw parallels between situations that occur beyond the courtroom and those in this case where the

8

Oakland County District Court Rule narrowly seeks to dictate action and permission inside the courtroom. The court in *Dorfman* would likely take no issue with the Oakland County District Court Rule since they state, [they] think the district court was acting within its discretion in prohibiting photographing and broadcasting inside as well in the areas adjacent to the courtrooms. *Id.* at 562.

In the Sixth Circuit, courtrooms are considered "nonpublic" spaces for First Amendment purposes under Sixth Circuit precedent. *Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir 2005), *cert. denied*, 547 U.S. 1111 (2006). In fact, the *Mezibov* Court found that First Amendment rights are at their lowest point in the courtroom. *Id.* at 719. In that case, the Sixth Circuit concluded that "in the context of the courtroom proceedings, an attorney retains *no personal First Amendment rights* when representing his client in those proceedings." *Id.* at 720-21 (emphasis added). Plaintiff has not cited a single case that holds that there is a First Amendment right to record within the courtroom – nor could he, without violating Supreme Court precedent. *McKay, supra* at 734-36.

While blanket prohibitions may not be narrowly tailored to advance a compelling state interest, the prohibition(s) found in the Michigan Court Rules and, to Somberg's claim, the prohibition found in the District Court Rule are not blanket prohibitions.

b.    **The Oakland County District Court Rule is not a blanket prohibition on recording courtroom proceedings and does not violate the First Amendment.**

The 52nd Judicial District Court enacted its *"Policy Regarding the Use of Portable Electronic Devices."* District Court Policy, RE 31-2, Page ID # 396. Paragraph 3 of the Policy states:

> "No one may use a portable electronic device to take photographs or for audio or video recording, broadcasting, or live streaming <u>unless that use is specifically allowed by the judge presiding over that courtroom</u> through a written Order. Requests for film or electronic media coverage of court proceedings shall follow the procedure provided by Administrative Order 1989-1." (emphasis added).

Michigan Supreme Court Administrative Order No. 1989-1, permits an individual to receive permission from a presiding judge to record or broadcast court proceedings. According to Section 2(a)(i), "electronic media coverage shall be allowed upon request in all court proceedings." Somberg was aware of this Administrative Order at the time he made the recording at issue in this case. He was the subject of a similar contempt proceeding that was reviewed by the Michigan Court of Appeals. *See In Re Nicholas Somberg*, COA No. 344041, Unpublished Decision of the Michigan Court of Appeals, Dated October 15, 2020. Michigan Court of Appeals Decision, RE 13-5, Page ID ## 236-240.

10

Whether this Court chooses to review photo and videoing as a right to access issue, as the lower court did, or as a right to freedom of expression, as requested by Somberg, this Court should still AFFIRM the District Court.

Any right of access to attend court proceedings has not been impeded, either as a litigator or social media commentator. It is well settled that the court has control over matters of decorum and court process. The court's contempt power is an obvious extension of that control. Whether a First Amendment right of "access" exists is based upon the "experience and logic" test articulated in *Richmond Newspapers Inc*. The court examines: 1) whether the information sought has historically been open to the press and the general public, and 2) whether the public access plays a significant positive role of the function of the particular process in question (i.e. the value of allowing access to the proceeding or information). *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575–80 (1980).

The Supreme Court has explicitly disavowed the idea that observers have a First Amendment right to use electronic equipment in the courtroom. See *Estes v. Texas*, 381 U.S. 532, 589 (1965); *Chandler v. Florida*, 449 U.S. 560, 569 (1981). The right of access consists of a "right to be present" and the "right to speak and publish concerning what takes place at trial." There is no First Amendment right to photograph or broadcast trial proceedings. *US v. Beckham*, 789 F.2d 401, 406 (6th Cir. 1986).

11

Any right of expression, likewise, has not been impeded on these facts. To the extent this Court seeks to review under a freedom of expression analysis rather than, or in addition to, right of access, this Court should still AFFIRM the lower court and determine that such a claim is without merit. To assess whether the government has violated an individual's free speech rights, the Sixth Circuit employs a three-step analysis: (1) we ask whether the speech is protected under the First Amendment; (2) if so, using the public-forum doctrine, we ascertain whether the applicable forum is public or nonpublic; and (3) applying the appropriate standard for the forum, we ask whether the government's prohibition on speech passes muster under the First Amendment. *S.H.A.R.K. v. Metro Parks Service Summit County*, 499 F.3d 553 at 559 (6th Cir. 2007) (citing *Parks v. City of Columbus*, 395 F.3d 643, 647 (6th Cir. 2005)).

Even if Somberg satisfied the first step of the test, which he cannot, his claim would still fail as the second step is to determine the character of the courtroom – that is, whether it is a public or nonpublic forum. Courtrooms are considered "nonpublic" spaces for First Amendment purposes under Sixth Circuit precedent. *Mezibov v. Allen,* 411 F.3d 712, 718 (6th Cir 2005), cert. denied, 547 U.S. 1111 (2006). In fact, the *Mezibov* Court found that First Amendment rights are at their lowest point in the courtroom. *Id*. at 719. In that case, the Sixth Circuit concluded that "in the context of the courtroom proceedings, an attorney retains no personal First Amendment rights when representing his client in those proceedings." *Id*. at

720-21 (emphasis added). Somberg has not cited a single case that holds that there is a First Amendment right to record within the courtroom – nor could he, without violating Supreme Court precedent. *McKay, supra* at 734-36.

The third part of the test requires an assessment of whether the government's action is reasonable in light of the nature of the forum. Given that courtrooms are nonpublic forums, any prohibition on recording "need only be reasonable in light of the purpose of the forum and reflect a legitimate government concern." *Gen. Media Communications, Inc. v. Cohen*, 131 F.3d 273, 282 (2d Cir. 1997). It "need not be the most reasonable or the only reasonable limitation." *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788 at 808 (1985). The first step is to determine whether the prohibition is content-neutral or content-based regulation. A content-neutral ordinance is one that "places no restrictions on... either a particular viewpoint or any subject matter that may be discussed." *Hill v. Colorado*, 530 U.S. 703, 723 (2000). "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Ward v. Rock Against Racism*, 491 U.S. 781 (1989). Here, the regulation is content-neutral because it prohibits all electronic recording of all live events occurring within the courtrooms.

Since any prohibition is content-neutral, it need only be reasonable in light of the purpose of the courtroom. In addition to protecting fairness of criminal

proceedings, the prohibition against recording live proceedings without permission protects the legitimate government interests of lessening courtroom distractions, preventing juror and witness intimidation, preventing online research. *See Mead v. Gordon*, 583 F. Supp. 2d 1231, 1239 (2008) ("The State 'has a legitimate need to preserve an orderly and safe place to conduct the public's business" and to maintain "proper order and decorum in the courtroom.'"). It is without question that the prohibition against recording live proceedings through portable electronic devices is a reasonable method for protecting these interests. Therefore, the District Court Policy reasonably fulfills a legitimate and demonstrated governmental need and the prohibition against recording live court proceedings is constitutional.

### c.    The District Court Properly Relied on *McKay*.

The District Court was notably persuaded by *McKay v Federspeil*, 22 F. Supp. 3d 731 (E.D. Mich. 2014) because that 1) took place in the same District and 2) the facts of the case are analogous to Somberg's case. Plaintiff has been unable to produce a factually analogous case to show that any First Amendment right to record should be expanded to allow untethered recordings of court proceedings. Somberg's arguments that a judge in a courtroom is parallel in circumstance to a police officer making an arrest on the street should not sway this Court because there is no factual or legal precedent that agrees.

The District Court's reliance on *McKay* is appropriate where the facts are most analogous to Somberg's position. In *McKay*, the Plaintiff challenged an administrative order called the "Electronics Ban Order" which prohibited possession or use of phones and other devices in areas of the Courthouse Center and prevented him from bringing in a device to record live court proceedings. *McKay* at 732. Just like Somberg, the plaintiff in McKay was permitted to attend, to observe, and then subsequently to comment on the activities of public officials within the courtroom and/or courthouse. In addition, the reviewing court(s) found it persuasive that an individual is free to request a transcript of a proceeding should they desire to do so – just like Somberg. The *McKay* Court ultimately concluded that the First Amendment right of access should not be extended to include the ability to make a separate, private recording of a court proceeding. *McKay, supra*.

The court in McKay reiterated that no First Amendment right was implicated by denying members of the public the right to use recording devices in the courtroom, as the court reserves the right to do in this case by way of its *Policy Regarding the Use of Portable Electronic Devices* and reliance on the Michigan Court Rules and Administrative Order 1989-1. According to Estes, Chandler, and their progeny, the First Amendment right to access trial proceedings is limited to physical presence at the trial itself. *See Estes v. Texas*, 381 U.S. 532, 589 (1965);

15

*Chandler v. Florida*, 449 U.S. 560, 569 (1981). There is no right to videotape or record those proceedings. *McKay, supra*.

Even though *McKay* isn't binding, the District Court's reliance such a factually similar case is appropriate. This is especially true where Somberg continues to try to relate circumstances of arrest by police on the street with the necessarily structured non-public forum such as a courtroom (even over Zoom).

## CONCLUSION

Based upon the foregoing, Appellant Karen McDonald respectfully requests

that this Court affirm the District Court's orders dismissing Somberg's claims.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Brooke E. Tucker*
Brooke E. Tucker
Senior Assistant Corporation Counsel
Attorney for Appellee Karen McDonald
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 858-2007

Dated:  February 7, 2024

## CERTIFICATE OF COMPLIANCE

Brooke E. Tucker, attorney for Karen McDonald hereby certifies pursuant to Fed. R. App. P. 32(a)(7)(C) of the Federal Rules of Appellate Procedure that this brief was typed using the MS Word program. That program has a function which can calculate the total number of words contained in a document. According to that program function, there are 3,344 words in this Brief.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Brooke E. Tucker*
Brooke E. Tucker
Senior Assistant Corporation Counsel
Attorney for Appellee Karen McDonald
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 858-2007

Dated:  February 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed Karen McDonald's Brief on Appeal with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Brooke E. Tucker*
Brooke E. Tucker
Senior Assistant Corporation Counsel
Attorney for Appellee Karen McDonald
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 858-2007

Dated:  February 7, 2024

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT RECORD

Appellee Karen McDonald, per 6 Cir. R. 28(b)(1)(A)(i) and 30(g)(1), hereby

designates the following portions of the electronic record on appeal:

| Description of Document | Date Filed | District Court Record Entry # | Page ID # |
|---|---|---|---|
| Complaint | 7/15/2020 | 1 | 1-3 |
| Motion for Summary Disposition | 12/10/2020 | 7 | 93 |
| People's Motion for Show Cause | 12/10/2020 | 7-8 | 121 |
| State District Court Opinion | 12/10/2020 | 7-10 | 143 |
| McDonald Response to Somberg MSD | 4/9/2021 | 13 | 172-173; 177 |
| Michigan Court of Appeals Decision | 4/9/2021 | 13-5 | 236-240 |
| Opinion on Motion for Summary Disposition | 1/26/2022 | 24 | 317 |
| Court of Appeals Published Order | 4/20/2022 | 25 | 340 |
| Motion for Summary Judgment | 11/1/2022 | 31 | 363 |
| District Court Policy | 11/1/2022 | 31-2 | 396 |
| Opinion on Motion for Summary Judgment | 9/22/2023 | 37 | 515 |